**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JHL PHARMACEUTICALS, LLC, f/k/a BLU PHARMACEUTICALS, LLC, and BLU CARIBE, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: _____ |
| | ) | |
| PURACAP LABORATORIES, LLC and CARIBE HOLDINGS (CAYMAN) CO., LTD., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND SPECIFIC PERFORMANCE**

Plaintiffs, JHL Pharmaceuticals, LLC, f/k/a Blu Pharmaceuticals, LLC, and Blu Caribe, Inc. (collectively "Plaintiffs" or "Blu"), by and through undersigned counsel, for their complaint against Defendants PuraCap Laboratories, LLC and Caribe Holdings (Cayman) Co., Ltd. (collectively "Defendants") allege as follows:

**NATURE OF THE ACTION**

1.      Blu and Defendants are parties to that certain Escrow Agreement dated March 31, 2016 (the "Escrow Agreement"), a true and correct copy of which is attached hereto as Exhibit 1.

2.      Defendants have failed to allow for the release of the remaining money in escrow to Blu in good faith in contravention of their obligations under the Agreement.  By this action, Blu seeks (i) a declaratory judgment stating that the money that remains in escrow should be provided to Blu, and (ii) and order of specific performance requiring Defendants to take any and all actions to cause the release of the escrow funds to Plaintiffs.

## PARTIES

3.     JHL Pharmaceuticals, LLC is a Kentucky Limited Liability company.  It is the successor to Blu Pharmaceuticals, LLC.  The sole member of JHL Pharmaceuticals, LLC is a resident of Tennessee.

4.     Blu Caribe, Inc. is a corporation formed under the laws of Puerto Rico with its principal place of business in Puerto Rico.

5.     Upon information and belief, PuraCap Laboratories, LLC is a Delaware limited liability company.  Upon information and belief, PuraCap Laboratories, LLC's sole member PuraCap International, LLC is a Delaware Limited Liability company with its principal place of business in New Jersey.  Upon information and belief, PuraCap International, LLC has two members, Dangdai International Group Co., Ltd. and PuraCap Pharmaceutical, LLC.  Upon information and belief, Dangdai International Group Co., Ltd. is a Hong Kong company with its principal place of business in Hong Kong and PuraCap Pharmaceutical, LLC is a New Jersey limited liability company with its principal place of business in New Jersey.  Upon information and belief, PuraCap Pharmaceutical, LLC has two members, Puravation Pharmaceuticals, Inc. and PuraCap Laboratories, Inc.  Upon information and belief, both Puravation Pharmaceuticals, Inc. and PuraCap Laboratories, Inc. are New Jersey corporations with their principal place of business in New Jersey.  Defendant PuraCap can be served through its Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6.     Upon information and belief, Caribe Holdings (Cayman) Co., Ltd., is a Cayman Islands limited liability company.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332, as the matter in controversy exceeds $75,000 and is between citizens of different states.

This Court also has jurisdiction over the claims due to the fact that the parties agreed in section

10(e) of the Escrow Agreement to be subject to the jurisdiction of the United States District

Court for the District of Delaware.

8.      Venue is proper in this Court because the parties agreed in section 10(e) of the

Escrow Agreement that all actions arising with regard to the Escrow Agreement shall be brought

in the United States District Court for the District of Delaware.

## FACTUAL ALLEGATIONS

9.      On or about March 31, 2016, Blu and Defendants entered into the Escrow

Agreement pursuant to the terms of the Second Amended and Restated Asset Purchase

Agreement (the "Purchase Agreement") also entered into between the parties.  A true and correct

copy of the Escrow Agreement is attached as Ex. A.

10.      Under the terms of the Purchase Agreement, Defendants were to deposit with the

Escrow Agent Two Million Two Hundred Thousand Dollars ($2,200,000) (the "Escrow

Amount").  The Defendants did this on or about the closing date of the transaction.  The Escrow

Agent was to hold the Escrow Amount in order to secure certain obligations of Blu under the

Purchase Agreement.

11.      Under the terms of the Escrow Agreement and the Purchase Agreement,

Defendants had one year from the date of the closing, March 22, 2017, to submit a claim for

indemnification from the Escrow Amount.  Defendants submitted a claim on March 21, 2017.  A

true and correct copy of the letter containing the claim is attached as Ex. B (the "Notice Claim").

12.     In its Notice Claim, Defendants stated their belief they were entitled to $1,902,944.87 of the Escrow Amount.

13.     Pursuant to the terms of the Escrow Agreement, within 30 days of receipt of a Notice Claim, Blu was entitled to object to the claim.  On March 31, 2017, Blu sent a letter to Defendants acknowledging Defendants' Notice Claim, stated it would respond, and requested that as there was no dispute as to $297,055.13 in escrow, Defendants should instruct the Escrow Agent to release these funds and provide a written direction to the Escrow Agent.  A true and correct copy of this letter is attached Ex. C.

14.     On April 10, 2017, Counsel for Blu provided objections to Defendants' Notice Claim and set forth the basis for why Defendants are not entitled to any of the $2,200,000.00 of the Escrow Amount.  Counsel for Blu again requested that written instructions be issued to the Escrow Agent with regard to the $297,055.13 that was not in dispute.  A true and correct copy of the letter containing the objection is attached as Ex. D (the "Objection Notice").

15.     Blu continues to believe that Defendants are not entitled to any of the Escrow Amount.  Defendants appear to continue to believe they are entitled to $1,902,944.87 of the Escrow Amount.

16.     As there was no dispute as to $297,055.13 of the Escrow Amount, the parties submitted a Joint Written Direction to the Escrow Agent to release those funds to Blu.  Those funds were released to Blu per the Joint Written Direction submitted by the parties.  A true and correct copy of the Joint Written Direction is attached as Ex. E.

17.     Therefore, the current dispute involves the remaining $1,902,944.87 of the Escrow Amount (the "Disputed Amount").

18.     On February 28, 2018, counsel for Blu sent a letter to the Escrow Agent asking the Escrow Agent to interplead the Disputed Amount.  A true and correct copy of that letter is attached as Ex. F.  Despite this request, to date, the Escrow Agent has not instituted an interpleader action.

19.     Under the terms of the Escrow Agreement, the Escrow Agent can release the remaining funds that are held in escrow upon receipt of a final, nonappealable judgment rendered by a court having jurisdiction over the matters involving any claims to the Escrow Amount.  *See* Escrow Agreement at ¶3.b.

## CLAIM FOR RELIEF

### COUNT I
### (Declaratory Judgment Under 28 U.S.C. § 2201)

20.     Blu incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.     Defendants claim that they are entitled to the remaining funds held in escrow. Blu disagrees, and believes that the remaining funds should be paid to it.

22.     An actual case or controversy exists between Blu and Defendants as to which entity is entitled to the $1,902,944.87 remaining in escrow.

23.     Blu seeks a declaratory judgment stating that it is entitled to the remaining funds held in escrow per the Escrow Agreement.

### COUNT II
### (Breach of Contract and Specific Performance)

24.     Blu incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     The Purchase Agreement and the Escrow Agreement are binding contracts between Blu and Defendants.

26.     Blu has substantially performed under the Purchase Agreement and the Escrow Agreement and remains willing and able to perform any remaining obligations.

27.     Defendants have breached the Purchase Agreement and the Escrow Agreement. Without limitation, Defendants have asserted claims and/or losses for which they are not entitled to indemnification from Blu.  Defendants have improperly asserted claims and/or losses without the requisite support/other bases to object.

28.     Defendants also have wrongfully refused to provide the Escrow Agent with joint written instructions directing the release of the Disputed Amount to Blu.

29.     Defendants' breaches of the parties' agreements have caused injury to Blu.

30.     Plaintiffs seek specific performance of the Purchase Agreement and the Escrow Agreement, including release of all the remaining Disputed Amount or, alternatively, an injunction or injunctions requiring Defendants to act in compliance with the Purchase Agreement and Escrow Agreement, and with their duties of good faith and fair dealing, to move diligently toward the resolution of all claims and release of the remaining Disputed Amount.

31.     Plaintiffs are entitled to an order directing Defendants to comply with the Purchase Agreement and Escrow Agreement by instructing the Escrow Agent to release all, or nearly all, of the remaining Disputed Amount in an amount determined by the Court.

32.     If the Court does not order Defendants to instruct the Escrow Agent to release the remaining Escrowed Funds, Blu is entitled to injunctive relief to remedy Defendants' past and continuing breaches of the express provisions of the Purchase Agreement and Escrow

Agreement, and of the implied covenant of good faith and fair dealing, that govern the process for releasing the funds held in the escrow.

33.     Blu has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Blu Pharmaceuticals, LLC and Blu Caribe, Inc. respectfully request that the Court:

1.     enter judgment according to the declaratory judgment sought;

2.     issue an order of specific performance requiring Defendants to issue a joint letter to the Escrow Agent causing release of the Disputed Amount to Plaintiffs;

3.     awarding Plaintiffs their costs and expenses incurred in bringing and prosecuting this action, including reasonable attorneys' fees; and

4.     awarding such other and further relief to which Plaintiffs may be entitled and to which this Court shall deem to be just and equitable.

POTTER ANDERSON & CORROON LLP

By: */s/ Brian C. Ralston*
    Brian C. Ralston (#3770)

OF COUNSEL:
    Jacob R. Kirkham (#5768)

Matthew M. Lubozynski
    Hercules Plaza, 6th Floor
WYATT, TARRANT & COMBS, LLP
    1313 N. Market Street
6070 Poplar Avenue
    P.O. Box 951
Suite 300
    Wilmington, DE  19899
Memphis, TN  38119
    Tel:  (302) 984-6000
(901) 537-1087
    bralston@potteranderson.com
    jkirkham@potteranderson.com

Dated:  April 13, 2018

*Attorneys for Plaintiffs JHL Pharmaceuticals, LLC and Blu Caribe, Inc.*

5743495