# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JHL PHARMACEUTICALS, LLC, f/k/a
BLU PHARMACEUTICALS, LLC, and
BLU CARIBE, INC.,

      Plaintiffs/Counterclaim Defendants,

      v.

PURACAP LABORATORIES, LLC, and
CARIBE HOLDINGS (CAYMAN) CO.,
LTD.,

      Defendants/Counterclaimants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 1-18-cv-00553-MN

## JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

Pursuant to Local Rule 51.1 the parties respectfully submit the following Joint [Proposed] Preliminary Jury Instructions.

**Plaintiffs' Counsel:**

_/s/ Brian C. Ralston_
Brian C. Ralston (No. 3770)
POTTER ANDERSON CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
bralston@potteranderson.com

Benjamin J. Lewis (admitted *pro hac vice*)
Amanda D. Reed (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
101 South Fifth Street, Suite 3500
Louisville, Kentucky 40202
Tel.: (502) 589-4200
ben.lewis@dentons.com
amanda.reed@dentons.com

**Defendants' Counsel**

_/s/ Adam V. Orlacchio_
Adam V. Orlacchio (No. 5520)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
orlacchio@BlankRome.com

Jason A. Snyderman (admitted *pro hac vice*)
John P. Wixted (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Tel: (215) 569-5500
snyderman@blankrome.com
jwixted@BlankRome.com

## TABLE OF CONTENTS

1. INTRODUCTION [JOINT]......................................................................................1

2. CONDUCT OF THE JURY [JOINT]........................................................................2

3. NATURE OF THE ACTION [JOINT]......................................................................4

5. BENCH CONFERENCES [JOINT] ........................................................................4

6. EVIDENCE [JOINT]................................................................................................7

7. DIRECT AND CIRCUMSTANTIAL EVIDENCE [JOINT].................................9

8. CREDIBILITY OF WITNESSES [JOINT]...........................................................10

9. NOTE-TAKING BY JURORS [JOINT] ................................................................11

10. PREPONDERANCE OF THE EVIDENCE [JOINT] ...........................................13

11. DESCRIPTION OF TRIAL PROCEEDINGS [JOINT] .......................................14

12. JUDICIAL NOTICE [JOINT]................................................................................15

13. STIPULATION OF TESTIMONY [JOINT] ..........................................................16

14. STIPULATION OF FACT [JOINT]........................................................................17

15. USE OF DEPOSITION [JOINT] ...........................................................................18

16. USE OF INTERROGATORIES [JOINT]...............................................................19

17. CHARTS AND SUMMARIES IN EVIDENCE [JOINT]......................................20

18. CHARTS AND SUMMARIES NOT ADMITTED IN EVIDENCE [JOINT] .................21

19. EVIDENCE ADMITTED FOR A LIMITED PURPOSE [JOINT].................................22

1. **<u>INTRODUCTION [JOINT]</u>**[1]

MEMBERS OF THE JURY:

Now that you have been sworn as the jury to try this case, I have the following preliminary instructions for guidance on your roles as jurors and the nature of the case. As the judge, I will decide all questions of law and procedure. As the jury, you will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judge of the facts. You will have to decide what happened—I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide your decisions. You must follow that law whether you agree with it or not.

---

[1] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.1 Preliminary Instructions—Introduction; Role of Jury.

2. **<u>CONDUCT OF THE JURY [JOINT]</u>**[2]

During your jury service, you may not discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussion, the most important being the need for you to keep an open mind throughout the presentation of evidence.  I know that many of you use cell phones, smart phones, laptops, notebooks, and other portable electronic devices to access the internet and to communicate with others.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or anywhere else, remember it is because they are not supposed to talk or visit with you, either.

Next, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

---

[2] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.3 Preliminary Instructions—Conduct of the Jury.

Again, do not reach any conclusions on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

3.    **NATURE OF THE ACTION [JOINT]**

This case is about a business dispute arising from a sale of business assets.    Two companies, Blu Pharmaceutical and Blu Caribe, which I will refer to together as the "Blu Parties," sold substantially all of their assets to two other companies, PuraCap Labs and PuraCap Caribe, which I will refer to together as the "PuraCap Parties."   The Blu Parties and the PuraCap Parties are the parties to this lawsuit.  Together, I will call them the "Parties".

In this case, the PuraCap Parties claim that the Blu Parties breached representations and warranties that they claim the Blu Parties made in the Parties' Purchase Agreement about the condition of property that they were selling to the PuraCap Parties.   The PuraCap Parties also claim that the Blu Parties breached the Purchase Agreement by failing to pay certain vendor invoices.  As a result of these alleged breaches, the PuraCap Parties claim that they are entitled to recover from the Blu Parties monetary compensation as set forth in the Purchase Agreement because they submitted their claim timely within one-year as required by the Parties' contracts. The Blu Parties deny these claims and contend that that the subject property was sold in compliance with the Purchase Agreement, and that the invoices were not their responsibility. The Blu Parties also contend that PuraCap was not injured by any alleged breaches and that PuraCap failed to promptly notify the Blu Parties of their claims.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements that each of the Parties must prove to make its case:

In order to prove a breach of contract, a party must establish: (1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages.  The PuraCap Parties claim that the Blu Parties breached the Purchase Agreement by misrepresenting the condition of the assets sold

4

and by failing to pay invoices for work performed before Closing by vendors that the Blu Parties had hired. The Blu Parties claim that they did not breach any such obligations ~~and that the PuraCap Parties failed to comply with the notice requirements set out in the Purchase Agreement~~.

Here, in order to recover, the PuraCap Parties must establish that the Blu Parties made representations and warranties about the condition of assets that the PuraCap Parties purchased; that the Blu Parties breached those representations and warranties; and that those breaches caused the PuraCap Parties to suffer damages.

In order to recover for the Blu Parties' alleged failure to pay vendors, the PuraCap Parties must establish that the Blu Parties had an obligation under the contract to pay such vendor invoices, that they failed to do so, and that those breaches caused the PuraCap Parties to suffer damages.

If you find that the PuraCap Parties failed to establish these claims, ~~or that they failed to provide notice in compliance with the Purchase Agreement,~~ then you will find for the Blu Parties on these issues. [3]

Source:    MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.2, Preliminary Instructions – Description of Case; Summary of Applicable Law (2017) (modified)

---

[3] The PuraCap Parties do not believe that any reference should be made to notice in this instruction because this is a disputed issue, but have included additional language to include if the Court uses the instruction proposed by the Blu Parties.

The Blu Parties believe that reference to their defenses is relevant and appropriate in this section to apprise the jury of what they will hear during the trial.  The fact that this is a disputed issue is irrelevant—Blu also disputes the claims made by the PuraCap Parties, which are described in this section

4.      **<u>BENCH CONFERENCES [JOINT]</u>**[4]

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient. We are not trying to keep information from you.   These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.   While we meet, I will invite you to stand up and stretch and take a short break, or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

---

[4] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.4 Preliminary Instructions—Bench Conferences.

5.    **EVIDENCE [JOINT]**[5]

The evidence from which you are to find the facts consists of the following:

- The testimony of the witnesses;

- Documents and other things received as exhibits; and

- Any facts that are stipulated—that is, formally agreed to by the parties.

- Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

- Statements, arguments, and questions of the lawyers for the parties in this case;

- Objections by lawyers;

- Any testimony I tell you to disregard; and

- Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is

---

[5] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.5 Preliminary Instructions—Evidence.

requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to bring certain things to the Court's attention. You should not be influenced by the objection or by the Court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that is stricken or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

6. **<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE [JOINT]</u>**[6]

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through their own senses—something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

---

[6] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.6 Preliminary Instructions—Direct and Circumstantial Evidence.

7.   **<u>CREDIBILITY OF WITNESSES [JOINT]</u>**[7]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1)   the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)   the quality of the witness's understanding and memory;

(3)   the witness's manner while testifying;

(4)   whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)   whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)   how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)   any other factors that bear on believability.

---

[7] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.7 Preliminary Instructions—Credibility of Witnesses.

8.    **NOTE-TAKING BY JURORS [JOINT]**[8]

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use — they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony. Here are some other specific points to keep in mind about note taking:

1.    <u>Note-taking is permitted, not required.</u>  Each of you may take notes.  No one is required to take notes.

2.    <u>Be brief.</u>  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you

---

[8] Adapted from Modern Fed. Jury Inst., § 71.02 Civil, General Civil Instructions: Instructions at the Beginning of Trial; Model Civ. Jury Instr. 3d Cir., § 1.9 Preliminary Instructions—Note-Taking by Jurors.

wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3.      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.   They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.      Do not take your notes away from court.  I repeat, at the end of each day, please leave your notes in the jury room.

9.    **PREPONDERANCE OF THE EVIDENCE [JOINT]**

This is a civil case.  That means that you must decide whether certain facts have been proven by a preponderance of the evidence.  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true.[9]  In other words, that the evidence in favor of it being true is sufficient to tip the scale, even if slightly, in its favor. If, on any issue in this case, the evidence tips the scale the other way – that is in favor of it being untrue or unproven – or if it is equally balanced, you cannot find that the issue has been proven by a preponderance of the evidence.[10]

The rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.[11]

To decide whether any fact has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who called them, and all exhibits that the Court allowed, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

---

[9] *United States v. Bullard*, 38 Fed. Appx. 753 (3d Cir. 2002); *Feit v. Great-West Life Annuity & Ins. Co.*, No. 03-2948, 2007 WL 275980 (D.N.J. Jan. 26, 2007).

[10] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.10 Preliminary Instructions—Preponderance of the Evidence

[11] *Id.*

10.    **DESCRIPTION OF TRIAL PROCEEDINGS [JOINT]**[12]

The trial will proceed in the following manner:

First, an attorney for PuraCap Labs and PuraCap Pharma will make an opening statement to you. Next, an attorney for Blu and Mr. Luster will make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the opening statements, the plaintiff will present its case through witness testimony and documentary or other evidence. Next, the defendant will present its case through witness testimony and documentary or other evidence. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case.  The lawyers will then make closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate or reach a verdict.

Finally, keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

We will now proceed with opening statements.

---

[12] Adapted from Model Civ. Jury Instr. 3d Cir., § 1.12 Preliminary Instructions—Description of Trial Proceedings

11.    **<u>JUDICIAL NOTICE [JOINT]</u>**[13]

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

---

[13] <u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.2 (2017).

## 12.   **STIPULATION OF TESTIMONY [JOINT]**[14]

The parties have agreed that if [witness's name] were called as a witness, [he/she] would have testified that [state the stipulated testimony]. This testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if [name of witness] had been present to testify. You must accept the fact that [name of witness] would have given that testimony.   However, it is for you to determine the effect or weight to be given to that testimony.

---

[14] Source:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.3 (2017) (modified).

13.     **<u>STIPULATION OF FACT [JOINT]</u>**[15]

     The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.  You must therefore treat these facts as having been proved for the purposes of this case.

---

[15] <u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.4 (2017).

**14.**   <u>**USE OF DEPOSITION [JOINT]**</u>[16]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], has been presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

---

[16] <u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.5 (2017).

18

15.    <u>**USE OF INTERROGATORIES [JOINT]**</u>[17]

You may have heard answers the parties gave in response to written questions submitted by the other side.  The written questions are called "interrogatories."  The written answers were given in writing and under oath, before the trial.

You must consider the parties' answers to interrogatories in the same manner as if the answers were made from the witness stand.

---

[17] <u>Source</u>:   Model civil jury instructions for the district courts of the third circuit, 2.6 (2017) (modified).

16.   <u>**CHARTS AND SUMMARIES IN EVIDENCE [JOINT]**</u>[18]

[Name of party] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

[18] <u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.7 (2017).

17.     **CHARTS AND SUMMARIES NOT ADMITTED IN EVIDENCE [JOINT]**[19]

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. [Describe the charts and summaries that have not been admitted.] These charts and summaries are not themselves proof of any facts. They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

---

[19] Source:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.8 (2017).

**18.**   **<u>EVIDENCE ADMITTED FOR A LIMITED PURPOSE [JOINT]</u>**[20]

You heard evidence that was received for a particular limited purpose.  Specifically, you heard evidence of [].  This evidence can be considered by you as evidence that [].  It may not be used for any other purpose.

---

[20] <u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.10 (2017).