**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JHL PHARMACEUTICALS, LLC, f/k/a BLU PHARMACEUTICALS, LLC, and BLU CARIBE, INC., | : <br> : <br> : <br> : <br> : <br> : |
| Plaintiffs/Counterclaim Defendants, | : <br> : |
| v. | :     C.A. No. 1-18-cv-00553-MN <br> : <br> : |
| PURACAP LABORATORIES, LLC, and CARIBE HOLDINGS (CAYMAN) CO., LTD., | : <br> : <br> : <br> : |
| Defendants/Counterclaimants. | : <br> : |

<u>**JOINT [PROPOSED] FINAL JURY INSTRUCTIONS**</u>

Pursuant to Local Rule 51.1 the parties respectfully submit the following Joint [Proposed]

Final Jury Instructions.

**Plaintiffs' Counsel:**

 */s/  Brian C. Ralston*
Brian C. Ralston (No. 3770)
POTTER ANDERSON CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
bralston@potteranderson.com

Benjamin J. Lewis (admitted *pro hac vice*)
Amanda D. Reed (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
101 South Fifth Street, Suite 3500
Louisville, Kentucky 40202
Tel.: (502) 589-4200
ben.lewis@dentons.com
amanda.reed@dentons.com

**Defendants' Counsel**

 */s/  Adam V. Orlacchio*
Adam V. Orlacchio (No. 5520)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
orlacchio@BlankRome.com

Jason A. Snyderman (admitted *pro hac vice*)
John P. Wixted (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Tel: (215) 569-5500
snyderman@blankrome.com
jwixted@BlankRome.com

# TABLE OF CONTENTS

1.      **GENERAL INSTRUCTIONS** ...................................................................**1**

     1.1.      **Final Instructions – General [JOINT]** .................................................**1**

     1.2.      **Opinion Testimony [JOINT]**...............................................................**3**

     1.3.      **Read-Backs of Trial Testimony [JOINT]** ...........................................**4**

     1.4.      **Prior Sworn Statement [JOINT]** .........................................................**5**

     1.5.      **Prior Inconsistent Statement by Witness [JOINT]**..............................**6**

     1.6.      **Credibility of Witnesses – Weighing Conflicting Testimony [JOINT]** ............**7**

2.      **BREACH OF CONTRACT** ......................................................................**8**

     2.1.      **Breach of Contract [joint]** ................................................................**8**

     2.2.      **Damages – Breach of Contract – General [JOINT]** .........................**10**

     2.3.      **Reliance by the PuraCap Parties [DEFENDANTS' PROPOSED]**................**11**

     2.4.      **Recklessness and Intentional Misrepresentation [DEFENDANTS' PROPOSED]** ....................................................................................**13**

     2.5.      **Prompt Notice [DEFENDANTS' PROPOSED]**...................................**15**

     2.6.      **Procedure and Duty to Deliberate [JOINT]**....................................**16**

     2.7.      **Deadlock [JOINT]**.............................................................................**19**

# 1. GENERAL INSTRUCTIONS

## 1.1. FINAL INSTRUCTIONS – GENERAL [JOINT]

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

As I explained at the beginning of trial, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted into the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of the evidence, including the credibility of the testimony of each witness, and the weight to be given to the testimony of each witness.

Also, this case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual. A corporation acts through its

officers, employees, and agents, who are individuals. You should not consider the financial resources of either party in making your decision.

**1.2.**     **OPINION TESTIMONY [JOINT]**[1]

You have heard testimony containing opinions from [name of witness]. In weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

---

[1] <u>Source</u>: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.11 (2017).

### 1.3.    <u>READ-BACKS OF TRIAL TESTIMONY [JOINT]</u>[2]

At your request, I have decided to have [a transcript of ] [describe the testimony] read [provided] to you in order to assist you in your deliberations. I remind you that you must focus on all of the testimony and evidence presented at the trial. You may not give undue weight to the testimony that is read back to you [provided to you].

---

[2] <u>Source</u>: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 3.3 (2017).

## 1.4.    __PRIOR SWORN STATEMENT [JOINT]__[3]

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

---

[3] Source: DELAWARE PATTERN JURY INSTRUCTIONS 23.2, Prior Sworn Statements (2006) (citing 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.09 (4th ed. 1987)).

### 1.5.   PRIOR INCONSISTENT STATEMENT BY WITNESS [JOINT][4]

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

---

[4] Source: Delaware Pattern Jury Instructions 23.3, Prior Inconsistent Statement (2006) (citing 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 73.04 (4th ed. 1987)).

### 1.6. <u>CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING TESTIMONY [JOINT]</u>[5]

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

---

[5] <u>Source</u>: DELAWARE PATTERN JURY INSTRUCTIONS 23.9, Credibility of Witnesses - Conflicting Testimony (2006) (citing 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.01 (4th ed. 1987); 75A AM. JUR. 2d §§ 747, 749, 750).

## 2. BREACH OF CONTRACT

### 2.1. BREACH OF CONTRACT[6] [JOINT]

The PuraCap Parties and the Blu Parties were parties to the Purchase Agreement and the Escrow Agreement. The PuraCap Parties claim that the Blu Parties breached the Purchase Agreement and that the PuraCap Parties were damaged as a result.

To succeed on a claim for breach of contract, a party must establish by a preponderance of the evidence:

> (1) a contractual obligation;
>
> (2) a breach of that obligations; and
>
> (3) resulting damages.

Here, the PuraCap Parties claim that the Blu Parties breached the Purchase Agreement, including Sections 4.6.4, 4.18.2, 4.18.10, and 2.2, by selling the subject property in a manner that did not comply with the contract terms, as well as by not paying certain invoices. The PuraCap Parties contend that their claim was timely because they submitted their claim within one-year as required by the Parties' contracts. To succeed on these claims, the PuraCap Parties must establish by a preponderance of the evidence, first that the Blu Parties owed the PuraCap Parties certain obligations as to the condition of the subject property and payment of the invoices; second, that the Blu Parties breached these obligations; and third, that the PuraCap Parties were injured as a result.

---

[6] The Blu Parties maintain that certain of the subject property is not covered by the relevant sections of the Purchase Agreement, and that this constitutes an issue of fact for the jury to decide. Based on the Court's prior ruling on the PuraCap Parties' Motion in Limine to Preclude Evidence or Argument Concerning Unambiguous Contract Language (D.N. 113-3), however, this language is not included in this joint instruction.

The Blu Parties deny these claims and contend that the PuraCap Parties did not suffer injury under Section 10.1 of the Purchase Agreement, and that the PuraCap Parties failed to provide notice to the Blu Parties promptly after obtaining actual knowledge of their claims under Section 10.4.2 of the Purchase Agreement.

Source: DELAWARE PATTERN JURY INSTRUCTIONS 19.20, Breach of Contract Defined (2006) (modified); Interim Healthcare, Inc. v. Spherion Corp., 884 A.2d 513, 548 (Del. Super. Ct.), aff'd, 886 A.2d 1278 (Del. 2005) (identifying elements of breach of contract)

### 2.2.    DAMAGES – BREACH OF CONTRACT – GENERAL [JOINT]

If you find that one party committed a breach of contract, the other party is entitled to compensation in an amount that will place it in the same position it would have been if the contract had been properly performed.  The measure of damages is the loss actually sustained as a result of the breach of the contract.

Source: DELAWARE PATTERN JURY INSTRUCTIONS 22.24, Measure of Damages – Breach of Contract (2006).

**2.3.    RELIANCE BY THE PURACAP PARTIES [DEFENDANTS' PROPOSED]**[7]

The Parties' Purchase Agreement included the Blu Parties' representations and warranties concerning the condition of Plaintiffs' tangible property and real property, including the heating, ventilation, air-conditioning, electrical, plumbing, water, fire alarm and structural systems and components.

In Section 12.6 of the Purchase Agreement, the Parties agreed that:

> "Notwithstanding the right of Buyers to investigate the Sellers and Owner, Purchased Assets, financial condition of the Sellers and otherwise, and notwithstanding any knowledge obtained or obtainable by Buyers as a result of such investigation, Buyers have the unqualified right to rely upon, and have relied upon, each of the representations and warranties made by Sellers and Owner in this Agreement or pursuant hereto (which are bargained for assurances)."

Accordingly, under this provision, the PuraCap Parties had the unqualified right to rely on the Blu Parties' representations and warranties regarding the condition of the assets.    In determining whether the Blu Parties breached their representations and warranties, you therefore shall not take into account whether the PuraCap Parties knew or could have known about or

---

[7] The Blu Parties object to this instruction to the jury, as a it mischaracterizes the issues and is otherwise confusing and prejudicial.  In order to assert a valid claim under the Indemnification Provision of the Purchase Agreement, the PuraCap Parties were required to provide "prompt" notice after obtaining actual knowledge of their claims.  When the PuraCap Parties obtained actual notice of their claims is a question for the jury. Thus, instruction the jury that knowledge is irrelevant would be improper and unduly prejudicial.

The PuraCap Parties believe that Section 12.6 of the Purchase Agreement—which is the only one that states it was expressly bargained for by the parties—is of critical importance given the Blu Parties' attempt to argue that the PuraCap Parties' ability to recover is limited by what it learned or could have learned prior to Closing.  This argument was expressly waived by the Blu Parties when they agreed to this provision. The Blu Parties' objection appears to be that the inclusion of this instruction somehow limits their ability to argue about timely notice.  It does not.  There is no reason why, just because the Blu Parties object to the timeliness of notice, that the jury should not be fully aware that the Blu Parties expressly agreed to Section 12.6.

investigated the condition of the assets that were sold. That is not relevant to the issue of whether the Blu Parties breached the Purchase Agreement.

Source: Interim Healthcare, Inc. v. Spherion Corp., 884 A.2d 513, 548 (Del. Super. Ct.), aff'd, 886 A.2d 1278 (Del. 2005) ("the extent or quality of plaintiffs' due diligence is not relevant to the determination of whether [seller] breached its representations and warranties in the Agreement. To the extent [seller] warranted a fact or circumstance to be true in the Agreement, plaintiffs were entitled to rely upon the accuracy of the representation irregardless of what their due diligence may have or should have revealed. In this regard, [seller] accepted the risk of loss to the full extent of its indemnification commitments in the event its covenants were breached."); Cobalt Operating, LLC v. James Crystal Enters., LLC, 2007 WL 2142926, at *28 (Del. Ch. July 20, 2007), aff'd without op., 945 A.2d 594 (Del. 2008) ("Having contractually promised [the buyer] that it could rely on certain representations, [the seller] is in no position to contend that [the buyer] was unreasonable in relying on [the seller's] own binding words."); Akorn, Inc. v. Fresenius Kabi AG, No. CV 2018-0300-JTL, 2018 WL 4719347, at *79 (Del. Ch. Oct. 1, 2018), aff'd, 198 A.3d 724 (Del. 2018) (same); Gloucester Holding Corp. v. U.S. Tape & Sticky Prod., LLC, 832 A.2d 116, 127–28 (Del. Ch. 2003) (in claim for indemnification based on breach of representations and warranties, it was irrelevant whether reliance on those representations was justified).

**2.4. RECKLESSNESS AND INTENTIONAL MISREPRESENTATION [DEFENDANTS' PROPOSED]**[8]

Under provisions of the Purchase Agreement, for the PuraCap Parties to recover damages, the total of all of their damages claims must be at least $240,000. The PuraCap Parties cannot recover more than $2,400,000, <u>unless</u> you find that the Blu Parties either acted recklessly or made any intentional misrepresentation.

Reckless conduct reflects a knowing disregard of a substantial and unjustifiable risk. It amounts to an "I don't care" attitude. Recklessness occurs when a person, with no intent to cause harm, performs an act so unreasonable and so dangerous that he or she knows, or should know, that harm will probably result.

<u>Source</u>: DEL. P.J.I. CIV. § 5.9 (2000) (Reckless Conduct Defined).

In order to prove an intentional misrepresentation, the PuraCap Parties must establish that the Blu Parties: (1) deliberately concealed a material past or present fact, or were silent in the face of a duty to speak; (2) acted with knowledge of their wrongdoing; (3) intended to induce the PuraCap Parties' reliance upon the concealment; (4) caused the PuraCap Parties to rely upon the concealment; and (5) caused damages to the PuraCap Parties as a result of the concealment.

---

[8] The Blu Parties object to this instruction because the PuraCap Parties have not pled a claim for intentional or reckless misrepresentation. Indeed, no such claim exists in the PuraCap Parties' May 4, 2018 Counterclaims; the PuraCap Parties did not include a reference to any such claim in the Proposed Pre-Trial Order filed with this Court in May 2020; and the PuraCap Parties did not include a reference to any such claim in the Amended Proposed Pre-Trial Order filed on March 24, 2021. To allow the PuraCap Parties to assert this claim on the eve of trial would be improper and unduly prejudicial.

The Blu Parties are incorrect that this instruction somehow relates to an independent claim of the PuraCap Parties. Rather, this instruction relates to Section 10.6 of the Purchase Agreement, which relates to the amount of recoverable damages that can be pursued for any indemnification claim, and provides that the PuraCap Parties' ability to recover such damages is not limited when the Blu Parties have acted recklessly or made intentional misrepresentations.

Source: <u>Duffield Assocs. v. Meridian Architects & Eng'rs, LLC</u>, 2010 Del. Super. LEXIS 293, *14 (defining the elements of intentional misrepresentation as "(1) deliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) that defendant acted with scienter; (3) an intent to induce plaintiff's reliance upon the concealment; (4) causation; and (5) damages resulting from the concealment").

## 2.5.    PROMPT NOTICE [DEFENDANTS' PROPOSED][9]

The Purchase Agreement requires that notice of the Indemnification Matter be provided "promptly".  In assessing whether notice is prompt, you may consider all of the facts and circumstances surrounding the Indemnification Matter and whether the Blu Parties were prejudiced by the timing of the notice.  [The burden is on the Blu Parties to prove that they were prejudiced by the timing of the notice.]

Source:  Falcon Streel Co., Inc. v. Maryland Cas. Co., 366 A.2d 512, 514 (Del. Super. 1976) (indemnifying insurer must prove prejudice to avoid liability on indemnity claim based on contention that notice was not provided "as soon as practicable"); Avaya, Inc. v. Charter Commc'ns Holding Co., LLC, No. CVN14C-03-052JTVCCLD, 2014 WL 6675750, at *3 (Del. Super. Nov. 10, 2014) (applying New York law, whether indemnification notice under parties' agreement was "prompt" depends on the facts and circumstances and whether defendant "was prejudiced by the timing of the tender"); State Farm Mut. Auto. Ins. Co. v. Johnson, 320 A.2d 345, 347 (Del. 1974) (for an indemnifying insurer to prevail on a defense that notice did not comply with policy conditions, "the insurer has the burden of showing that it has thereby been prejudiced"); see also Pharmacia Corp. v. Motor Carrier Servs. Corp., 309 F. App'x 666, 668 (3d Cir. 2009) (where purchase agreement required party to "promptly provide written notice" and New Jersey law applied, indemnifying party to contract was likewise required to demonstrate prejudice to avoid liability).

---

[9] The Blu Parties object to this instruction as repetitive and otherwise mischaracterizing the terms of the Purchase Agreement.  As stated, the instruction improperly suggests the weight the jurors should give to the promptness inquiry and improperly attempts to shift the burden of proof to the Blu Parties.  The Court has previously ruled that whether the PuraCap Parties provided prompt notice is a question of fact for the jury to decide; the language relevant to the factual inquiry is located in the Purchase Agreement; and an instruction expanding the inquiry is improper.

The PuraCap Parties believe that under Delaware law, any notice requirement must be interpreted in light of all the facts and circumstances, and it would be the Blu Parties' burden to demonstrate that they were prejudiced by any alleged delay.  That law is clearly set forth in the authorities provided in this proposed instruction.

**2.6.    PROCEDURE AND DUTY TO DELIBERATE [JOINT]**[10]

That concludes the part of my instructions on the law. With respect to your deliberations in the jury room, you must abide by the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence.  You should select one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in Court.

Second, it is your duty as jurors to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your other duty is to take the law that I give you, apply it to the facts, and decide if the parties have established their claims by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and

---

[10] Adapted from Model Civ. Jury Instr. 3d Cir., § 3.10 General Instructions for Use at End of Trial—Deliberations

impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone or computer of any kind; the internet, any internet service, or any text or messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## 2.7.    DEADLOCK [JOINT][11]

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions.  You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize

---

[11] Source: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 3.4 (2017).

that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.